1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11 DIANA ARLENE DEL PRADO          )     NO. SA CV 16-1873-E
                                   )
12              Plaintiff,         )
                                   )
13     v.                          )     **MEMORANDUM OPINION**
                                   )
14 NANCY A. BERRYHILL, Acting      )
   Commissioner of Social Security,)
15                                 )
                Defendant.         )
16 _____)

17

18                         **PROCEEDINGS**

19

20      Plaintiff filed a complaint on October 11, 2016, seeking review

21 of the Commissioner's denial of benefits.  The parties consented to

22 proceed before a United States Magistrate Judge on December 23, 2016.

23 Plaintiff filed a motion for summary judgment on April 4, 2017.

24 Defendant filed a cross-motion for summary judgment on May 4, 2017.

25 The Court has taken the motions under submission without oral

26 argument.  See L.R. 7-15; "Order," filed November 22, 2016.

27 ///

28 ///

**BACKGROUND**

Plaintiff, a former collections representative, asserted disability based primarily on systemic lupus erythematosus ("lupus") ("Administrative Record ("A.R.") 77, 136, 146, 151). An Administrative Law Judge ("ALJ") reviewed the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 22-177, 183-305). The ALJ found Plaintiff's lupus to be severe, but also found Plaintiff retains the residual functional capacity to perform sedentary work, including her past relevant work (A.R. 24-28). The ALJ deemed Plaintiff's contrary testimony "less than fully credible" (A.R. 28). The Appeals Council denied review (A.R. 3-5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

///

///

1    If the evidence can support either outcome, the court may
2    not substitute its judgment for that of the ALJ.  But the
3    Commissioner's decision cannot be affirmed simply by
4    isolating a specific quantum of supporting evidence.
5    Rather, a court must consider the record as a whole,
6    weighing both evidence that supports and evidence that
7    detracts from the [administrative] conclusion.

8

9  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and
10 quotations omitted).

11

12                              **DISCUSSION**

13

14    After consideration of the record as a whole, Defendant's motion
15 is granted and Plaintiff's motion is denied.  The Administration's
16 findings are supported by substantial evidence and are free from
17 material[1] legal error.

18

19    Contrary to Plaintiff's arguments, the ALJ stated legally
20 sufficient reasons for finding Plaintiff's testimony not fully
21 credible.  An ALJ's assessment of a claimant's credibility is entitled
22 to "great weight."  Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th
23 Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).
24 Where, as here, the ALJ finds that the claimant's medically

25

26 _____

27        [1]   The harmless error rule applies to the review of
   administrative decisions regarding disability.  See Garcia v.
28 Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v.
   Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[2] An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling 96-7p (explaining how to assess a claimant's credibility), superseded, Social Security Ruling 16-3p (eff. March 28, 2016). As discussed below, the ALJ stated legally sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

///

///

_____

[2]    In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

The ALJ pointed out inconsistencies between Plaintiff's claimed symptomatology and observations made by third parties (A.R. 26-27). Plaintiff testified to regular swelling in various joints (A.R. 44). Yet, reports of multiple medical examinations of Plaintiff reflect an absence of swelling (A.R. 243-51, 254-64). An ALJ properly may discount a claimant's credibility where the claimant makes allegations inconsistent with the observations of third parties. See Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999); Copeland v. Bowen, 861 F.2d 536, 541 (9th Cir. 1988).

The ALJ also pointed out that Plaintiff has not been consistent in reporting her own alleged symptoms (A.R. 26). For example, Plaintiff emphasized the claimed severity of pain in joints, including her knee, purportedly arising from even sedentary activity (A.R. 39, 44-47). Yet, despite having numerous medical appointments over the years, Plaintiff complained of knee pain on only one occasion after her alleged disability onset date (A.R. 294). An ALJ properly may discount a claimant's credibility based on inconsistencies in the claimant's own reports of her symptoms. See Khanishian v. Astrue, 238 Fed. App'x 250, 252 (9th Cir. 2007); Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006).

As the ALJ further pointed out, some of Plaintiff's admitted activities appear inconsistent with some of Plaintiff's claimed limitations. For example, despite testifying to pain of allegedly disabling severity and a supposed inability to sit more than 30 minutes at a time, Plaintiff reportedly cleaned and cooked, did half of the household shopping, gardened, traveled to New York and traveled

to Northern California, all during the period of claimed disability
(A.R. 45-47, 49, 51, 147, 272-75).  Inconsistencies between claimed
incapacity and admitted activities properly can impugn a claimant's
credibility.  See, e.g., Molina v. Astrue, 674 F.3d 1104, 1112 (9th
Cir. 2012) ("the ALJ may consider inconsistencies in the claimant's
testimony or between the testimony and the claimant's conduct"); Thune
v. Astrue, 499 Fed. App'x 701, 703 (9th Cir. 2012) (ALJ properly
discredited pain allegations as contradicting claimant's testimony
that she gardened, cleaned, cooked, and ran errands); Stubbs-Danielson
v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (claimant's "normal
activities of daily living, including cooking, house cleaning, doing
laundry, and helping her husband in managing finances" was sufficient
explanation for rejecting claimant's credibility); Thomas v. Barnhart,
278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between claimant's
testimony and claimant's actions supported rejection of claimant's
credibility); Verduzco v. Apfel, 188 F.3d at 1090 (inconsistency
between claimant's testimony and claimant's actions cited as a clear
and convincing reason for rejecting claimant's testimony).

     The ALJ also emphasized that objective medical evidence
undermines Plaintiff's claims of disabling symptomatology (A.R. 26-
28).  Although a claimant's credibility "cannot be rejected on the
sole ground that it is not fully corroborated by objective medical
evidence, the medical evidence is still a relevant factor. . . ."
Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  Here, the
medical evidence suggests Plaintiff's problems have not been, and are
not now, as profound as she has claimed.
///

The ALJ also mentioned the ALJ's personal observations of Plaintiff at the hearing as assertedly casting doubt on Plaintiff's veracity (A.R. 26). An ALJ's use of such observations sometimes has been condemned as "sit and squirm" jurisprudence. See Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); but see Verduzco v. Apfel, 188 F.3d at 1090 ("Although this Court has disapproved of so-called 'sit and squirm' jurisprudence, the inclusion of the ALJ's personal observations does not render the decision improper.") (citations and internal quotations omitted). Cases condemning "sit and squirm" jurisprudence express a concern that the ALJ, who is not a medical expert, may substitute his or her own lay judgment in the place of a medical diagnosis. See, e.g., Graham v. Bowen, 786 F.2d 1113, 1115 (11th Cir. 1986) (ALJ improperly substituted his own opinion based on observations at the hearing for the medical evidence presented); Van Horn v. Schweiker, 717 F.2d 871, 874 (3d Cir. 1983) (addressing the "roundly condemned 'sit and squirm' method of deciding disability," and stating that "an ALJ is not free to set his own expertise against that of physicians who present competent medical evidence") (citations omitted); but see Matney v. Sullivan, 981 F.2d 1016, 1020 (1992) (referring to claimant's "demeanor and appearance at the hearing" as among the specific findings supporting the ALJ's rejection of Plaintiff's credibility); Nyman v. Heckler, 779 F.2d 528, 531 & n.1 (9th Cir. 1985) (finding no error where the ALJ's "observation of [the claimant's] demeanor was relevant to his credibility and was not offered or taken as a substitute for medical diagnosis").

Notwithstanding the questionable validity of one or more of an ALJ's stated reasons for discounting a claimant's credibility, a court

properly may uphold the credibility determination where sufficient valid reasons have been stated.  See Carmickle v. Commissioner, 533 F.3d 1155, 1162-63 (9th Cir. 2008); see also Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir. 1992) (upholding credibility rejection where ALJ's observation of claimant at the hearing was only one of several reasons stated).  In the present case, the ALJ stated sufficient reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds.  See Moisa v. Barnhart, 367 F.3d at 885.  The Court therefore defers to the ALJ's credibility determination.  See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[3]

///

///

///

///

///

///

///

///

///

///

---

[3]     The Court does not determine herein whether Plaintiff's assertions regarding her subjective symptoms and limitations are credible.  It is for the Administration, and not this Court, to evaluate the credibility of witnesses.  See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 15, 2017.


                                        /s/
                              _____
                              CHARLES F. EICK
                              UNITED STATES MAGISTRATE JUDGE